FILED

DEC 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR STEWARD, | No. 09-17089 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02622-LKK-CMK |
| v. | |
| TOWN OF PARADISE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted November 3, 2010
San Francisco, California

Before: NOONAN and PAEZ, Circuit Judges, and DUFFY, District Judge.[**]

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Appellant Arthur Steward appeals from an order by the district court granting summary judgment in favor of Appellee, the Town of Paradise of Paradise, on his 42 U.S.C. § 1983 claims alleging as consitutional violations a taking of his property without due process, and inverse condemnation without just compensation. The district court granted summary judgment on the basis that Steward's federal claims were subject to claim preclusion based on prior state court judgments. We affirm.

## Analysis

We review a grant of summary judgment de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). "A district court's ruling on claim preclusion is also reviewed de novo." *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Holcombe*, 477 F.3d at 1097 (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 327 (9th Cir. 1995)). The Supreme Court has held that a state-court judgment "has the same claim-preclusive effect in [a federal § 1983 case] that the judgment would have in [the applicable] state court[]." *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 85 (1984). In *Migra*, the Court "rejecte[ed] the view that § 1983 prevents the judgment in petitioner's state-court proceeding from creating a claim preclusion bar in this case." *Id.* at 84.

We apply California law of claim preclusion to the judgments at issue, as the underlying judgments in this case were rendered in California.  *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (applying California claim preclusion law to determine the effect of a California judgment in a subsequent federal case).  Under California's claim preclusion doctrine,  "three requirements have to be met: (1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit."  *Id*. The parties do not dispute that the same parties are involved in the state cases and the federal case.  It is clear that Steward had a fair opportunity to litigate his claims in state court.[1]

_____

[1]After dismissing Steward's first and second amended complaints, discussed *infra*, the state court subsequently granted summary judgment for the Town of Paradise and against Steward on all of his remaining claims except his conversion claim.  The state court expressly rejected Steward's "argument, with citation to authorities, that a city can be liable for interfering with access of an abutting landowner to a public street," finding that "the authorities are not applicable because [Steward] was not and is not an abutting landowner; his property is not directly adjacent to a public street open to automobile traffic."  Steward abandoned his appeal of these state-court decisions and filed this separate federal action instead.

I.     <u>Same Cause Of Action</u>

Under California law, whether two cases involve the same "'cause of action' for purposes of res judicata" is determined "by analyzing the primary right at stake." *San Diego Police Officers' Ass'n*, 568 F.3d at 734.  Specifically, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  *Id.* (quoting *Eichman v. Fotomat Corp.*, 197 Cal. Rptr. 612, 614 (1983)).

The district court properly determined that Steward's federal lawsuit involves the same "cause of action" as his prior state court litigation. The state court litigation and the current federal suit seek to vindicate the same primary rights—Steward's right to be free from economic injury to his property interest allegedly caused by the Town of Paradise of Paradise's taking of his right to cross the railroad easement and/or the denial of access to his mobile home property—and these rights were alleged in Steward's state court lawsuit.  Further, Steward alleged no new facts in his federal case that would change the analysis from the state court's judgments.

II.    <u>Final Judgment On The Merits</u>

The district court also properly concluded that the state court judgments were "on the merits" under California law.  The state court dismissed Steward's first amended complaint for failure to allege facts sufficient to constitute a cause of action.  The state court also dismissed the inverse condemnation claim presented in Steward's second amended complaint for failure to allege facts sufficient to constitute a cause of action.  The state court next granted summary judgment in favor of the Town of Paradise on all except one remaining claim in Steward's second amended complaint.  The remaining claim (which is not relevant here) was settled by the parties.  Thus, the state court effectively passed on the merits of Steward's claims under California law.  *See Sterling v. Galen*, 51 Cal. Rptr. 312, 315 (Cal. Ct. App. 1966).  Steward's first amended complaint, in relevant part, pleaded that: (1) the Town of Paradise deprived him of use of his private driveway and culvert for ingress and egress to his property, loss of earning capacity of his mobile home park, and loss of marketable value of his real property; and (2) the Town of Paradise violated his due process rights when it took and destroyed his driveway and culvert without notice or a hearing, causing him damage as alleged in the complaint.  Steward's second amended complaint also alleged loss of market value of his real property, loss of development and economic value of his mobile

home park, and that the Town of Paradise of Paradise's substantial impairment of access to his property constituted an inverse condemnation.

Thus, the state court judgments in this case constituted final judgments on the merits entitled to claim preclusive effect. *Sterling*, 51 Cal. Rptr. at 315 (citing *Crowley v. Modern Faucet Mfg. Co.*, 282 P.2d 33, 34–35 (Cal. 1955)). Accordingly, we affirm the district court's grant of summary judgment on the ground that Steward's federal claims are subject to claim preclusion based on prior state court judgments.

AFFIRMED.